UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| TECHSPORT LTD.                 ) <br> 2005 CHIT LEE COMMERCIAL BUILDING, ) <br> 30-36 SHAUKEIWAN ROAD      ) <br> HONG KONG                   ) <br> ) <br> **Plaintiff,**     ) <br> ) <br> ) <br> v.                                  ) <br> ) <br> ) <br> ANNEX PRODUCTS PTY. LTD.     ) <br> 39-41 MOUNT ST.          ) <br> PRAHRAN VICTORIA 3181    ) <br> AUSTRALIA                   ) <br> ) <br> ) <br> ) <br> **Defendant.**    ) | CASE NO. <br><br> JUDGE: <br><br><br><br><br><br><br><br> **COMPLAINT WITH JURY DEMAND** |

## COMPLAINT

Plaintiff Techsport LTD. ("Techsport" or "Plaintiff") states the following for its complaint against the Defendant:

1. This is an action at law and in equity under the Declaratory Judgment Act and the patent laws of the United States. Pursuant to 28 U.S.C. §§ 1331, 1338(a), 2202 and 2201 this Court has original and exclusive jurisdiction over this declaratory judgment action that arises under the patent laws of the United States.

2. Pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) venue is proper in this District where the Defendant is doing business and has ongoing, continuous and systematic contacts.

3. Defendant has injured Plaintiff by sending letters to Plaintiff's customers, distributors and reseller falsely claiming that one of Plaintiff products infringes on Defendant's patent.

## PARTIES

4. Plaintiff Techsport LTD., ("Techsport") is a Hong Kong limited liability company with a principal place of business located at 2005 Chit Lee Commercial Building, 30-36 Shaukeiwan Road, Hong Kong.

5. Defendant Annex Products PTY. LTD. ("Annex" or "Defendant") is an Australian limited liability company with their principal place of business located at U 6 12 Marriott St., Oakleigh, Victoria 3166 Australia.

## JURISDICTION AND VENUE

6. Jurisdiction in the United States District Court is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).

7. The amount in controversy in this Complaint exceeds $75,000.00.

8. This Court has subject matter jurisdiction over these claims under at least 28 U.S.C. §§ 1331, 1338(a), and 2201.

9. This Court has personal jurisdiction over the Defendant because Defendant's wrongful actions have affected Plaintiff in Central Ohio; because the Defendant has advertised and are doing business in Ohio; Defendant has engaged in acts or omissions within this State causing injury; Defendant has sold products to the citizens of this State or have otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

10. Venue is proper in the Southern District of Ohio because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## ALLEGATIONS COMMON TO ALL CLAIMS

11. Techsport repeats and hereby incorporates herein by reference all previous paragraphs.

12. Techsport is a top rated seller of sporting goods including bicycle mounts and has been since its incorporation as a limited liability company in 2005.

13. Techsport's resellers, clients and distributor have received letters falsely claiming that Techsport's MountCase products and rebranded products infringed on Defendant's U.S. Patent No. 9,243,739, entitled "System and Method for Mounting a Handheld Electronic Device," issued on January 26, 2016 (the '739 patent). These letters threaten the resellers, distributors and clients with legal action unless they stopped selling the Techsport's products that the Defendant claimed to be infringing.

14. Techsport has been damaged through Defendant's action through lost sales, sales opportunities, lost reputation and client relations.

15. On information and belief, Defendant has offered to replace Techsport's products for sale with their own and to replace Techsport as their supplier.

16. On information and belief, Techsport believes that the elements covered by the claims in U.S. Patent No. 9,243,739 were well known and offered for sale well before the filing date of May 30, 2012.

17. On information and belief, Techsport believes that the elements covered by the claims in U.S. Patent No. 9,243,739 are covered by prior art prior to the filing date of May 30, 2012.

18. On information and belief, Techsport believes that U.S. Patent No. 9,243,739 patent claims

are invalid pursuant to 35 U.S.C. §§ 101 et seq., including § 102, § 103, and § 112.

### COUNT 1 – DECLARATORY JUDGMENT OF NONINFRINGEMENT

19. Techsport repeats and hereby incorporates herein by reference all previous paragraphs.

20. Defendant has asserted claims against TECHSPORT for the alleged infringement of U.S. Patent No. 9,243,739.

21. Plaintiffs have not infringed any claim of Patent No. 9,243,739 – directly, indirectly (either contributorily or through inducement), literally, under the doctrine of equivalents, or otherwise.

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Techsport is entitled to a declaratory judgment from this Court finding that the claims of U.S. Patent No. 9,243,739 are not infringed by Techsport.

23. On information and belief, Defendant's claims of U.S. Patent No. 9,243,739 do not read on Techsport's product.  When inquired by the Plaintiff, the Defendant claimed that the product infringed on Claim 19, but it does not.  As one example, Plaintiff's protrusions [biased projections] are biased parallel to (and not away from) the cap as set forth in Claim 19.  None of U.S. Patent No. 9,243,739 claims completely read on the Techsport product that Defendant claims to be infringing.

### COUNT 11 – DECLARATORY JUDGMENT OF INVALIDITY

24. Techsport repeats and hereby incorporates herein by reference all previous paragraphs.

25. On information and belief, Techsport believes that the claims of U.S. Patent No. 9,243,739 are invalid pursuant to 35 U.S.C. §§ 101 et seq., including § 102, § 103, and § 112 based on prior art and the fact that the covered claims were well known in the art prior to the filing date of May 30, 2012.

26. As a result, Techsport is entitled to a declaratory judgment pursuant to 28 U.S.C. §§ 2201 et seq. from this Court finding that the claims of the U.S. Patent No. 9,243,739 are invalid pursuant to 35 U.S.C. §§ 101 et seq., including § 102, § 103, and § 112.

### COUNT III – UNFAIR COMPETITION; MONETARY DAMAGES AND INJUNCTIVE RELIEF

27. Techsport repeats and hereby incorporates herein by reference all previous paragraphs.

28. Defendant has intentionally and improperly interfered with Techsport's continuing and prospective contractual and business relations by directing letters wrongfully accusing Plaintiff of infringement sent to those established and prospective customers, resellers and distributors.

29. Defendant knew or should have known that its statements were false or likely to mislead.

30. As a direct and proximate result of Defendant's wrongful conduct, Techsport has been damaged and is entitled to the following remedies: a preliminary injunction and permanent injunction against Annex claiming that Techsport is infringing on U.S. Patent No. 9,243,739, and damages including the disgorgement of profits and attorney's fees.

### COUNT IV – TORTIOUS INTERFERENCE WITH CONTRACT, BUSINESS RELATIONSHIPS AND BUSINESS EXPECTATIONS

31. Techsport repeats and hereby incorporates herein by reference all previous paragraphs.

32. At all times material hereto Annex had actual knowledge of Techsport's contracts, suppliers and customer identities and relationships.

33. Annex wrongfully, knowingly and intentionally interfered with Techsport's contractual and business relationships with Techsport's suppliers and customers and interfered with Techsport's business expectancies resulting in significant damages to Techsport which are believed to equal or exceed $75,000.

34. Techsport is entitled to a judgment against Annex, in an amount no less than $75,000. Annex acts or failures to act demonstrated malice, aggravated or egregious fraud, and oppression. Techsport suffered actual damages that resulted from those acts or failures to act of Annex.

35. Techsport is entitled to an award of punitive damages in an amount to be determined at trial against Annex together with costs of this action and reasonable attorney's fees.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Techsport prays:

1. Defendants be permanently enjoined from sending communication or stating that Techsport's product infringes on their U.S. Patent No. 9,243,739.

2. For a declaratory judgment that U.S. Patent No. 9,243,739, and each and every asserted claim thereof, are not infringed;

3. For a declaratory judgment that the claims of U.S. Patent No. 9,243,739 are invalid;

4. That Plaintiff be awarded damages against the Defendant in the amount to be determined at trial together with court costs and attorney's fees based on their unfair trade practices;

5. That pursuant to 35 U.S.C. § 285, or other applicable authority, a finding that this case is "exceptional" and Techsport be compensated for all reasonable attorneys' fees incurred in this action; and

6. For such other and further relief as the Court deems just and proper.

                                                Respectfully submitted,

*/s/ Gregory P. Barwell*

**WESP BARWELL, L.L.C.**

| | |
|---|---|
| Furr Law Firm | Gregory P. Barwell, (0070545) |
| Jeffrey Furr, (0061680) | Quinn M. Schmiege, (0085638) |
| 2622 Debolt Road | Jud R. Mauger, (0063375) |
| Utica, Ohio 43080 | Attorneys at Law |
| Ph: (740) 892-2118 | 100 East Broad St – Suite 2350 |
| Fax: (740) 892-3860 | Columbus, Ohio 43215 |
| Email:JeffMFurr@furrlawfirm.com | Ph: (614) 456-0488 |
| Attorney for Plaintiff | Fax: (614) 456-0488 |
| | Email: gbarwell@wesplaw.com |
| | Email: qschmiege@wesplaw.com |
| | Email: jmauger@wesplaw.com |
| | Attorneys for Plaintiff |

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable by jury in this case.

                         */s/ Gregory P. Barwell*
                         ***WESP BARWELL, L.L.C.***
                         Gregory P. Barwell, (0070545)
                         Quinn M. Schmiege (0085638)

Case: 2:16-cv-00716-ALM-EPD Doc #: 1 Filed: 07/21/16 Page: 8 of 8  PAGEID #: 8